```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                              :
STRIKE 3 HOLDINGS, LLC,                   :
                                                              :
                                     Plaintiff,    :                 1:24-cv-5667-GHW
                                                              :
                          -v-                           :                    ORDER
                                                             :
JOHN DOE, *subscriber assigned IP address*  :
*108.54.228.49*,                                     :
                                   Defendant.  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

    By letter dated December 13, 2024, Plaintiff requested leave to file an unredacted version of its amended complaint under seal. Dkt. No. 17. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

    Having evaluated these factors, the motion to seal is granted. The document sought to be

sealed is a judicial document. The presumption should be afforded moderate weight given that the information sought to be sealed is a defendant's personally identifiable information, which is useful for public monitoring of the court's exercise of judicial power. However, Plaintiff is requesting the information remain confidential on a provisional basis, until Defendant has been given an opportunity to be heard on his or her privacy interest. The factors that counsel against disclosure described in Plaintiff's letter—principally the privacy interests of Defendant—outweigh the public's interest in disclosure of the redacted information at this time.

As a result, the motion to file an unredacted amended complaint under seal is GRANTED with respect to the specified redactions. This determination is made only with respect to the information at issue at this stage of the case and on this record. Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 17.

SO ORDERED.

Dated: December 13, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge